UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-CV-80409-ROSENBERG/REINHART

MADISON SALAZAR,

                Plaintiff,

vs.

GET LIQUID FUNDING, LLC,

                Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING AMENDED JOINT MOTION TO APPROVE SETTLEMENT [ECF No. 24]

On May 25, 2023, the parties filed an Amended Joint Motion to Approve Settlement ("Motion") and submitted their settlement agreement to the Court for review. ECF No. 24. Sections 1(a) and (b) of the settlement agreement say that Defendant Get Liquid Funding, LLC ("Get Liquid Funding") will pay Plaintiff Madison Salazar $954.94 for alleged unpaid overtime and $954.94 for alleged liquidated damages resulting from the purported overtime claim. *Id.* at 4. Section 1(c) of the settlement agreement says that Get Liquid Funding will pay Ms. Salazar's counsel $6,487.00 in attorneys' fees. *Id.*

Ms. Salazar's attorney, Gina M. Cadogan, submitted a declaration in support of the Motion which says that she performed 13 hours of work on this case at a compromised hourly rate of $475 and that her paralegal, Tyler E. Joseph, performed 6.8 hours of work at an hourly rate of $125. *Id.* at 14. The declaration further provides

that Ms. Salazar incurred a total of $457.00 in costs. *Id.* Finally, the declaration says that Ms. Salazar's counsel agreed to reduce its attorneys' fees and costs to $6,487.00. *Id.* at 15.

On June 2, 2023, the Honorable Robin L. Rosenberg granted the Motion in part, approved the parties' settlement except for Paragraph 1(c) of the agreement, and referred the Motion to the undersigned for a Report and Recommendation on the reasonableness of the attorneys' fees contained in the settlement agreement. ECF No. 25. I held a hearing on June 12, 2023, regarding the reasonableness of the attorneys' fees requested in the Motion. At the hearing, the parties clarified that the $954.94 that Ms. Salazar will receive from Get Liquid Funding represents the full amount of her unpaid overtime wages. The parties represented that the amount of Ms. Salazar's overtime claim was not determinable until the parties engaged in discovery and that the hours incurred by Ms. Salazar's counsel were necessary to uncover the appropriate amount of Ms. Salazar's overtime claim.

I have reviewed the billing records submitted by Ms. Salazar's counsel. ECF No. 24 at 16-18. Based on the parties' representations during the hearing, I recommend that the District Court find that the attorneys' fees contained in the settlement agreement are reasonable.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** the Amended Joint Motion to Approve Settlement (ECF No. 24) and approve the amount of attorneys' fees to be paid pursuant to Paragraph 1(c) of the settlement agreement.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 12th day of June, 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE